**INDIANA LEGAL SERVICES, INC.**
SOUTH BEND OFFICE
The Commerce Center
401 E. Colfax Ave., Suite 116
South Bend, Indiana 46617
toll free 1-800-288-8121

KH

TO: Clerk
United States District Court
1300 S. Harrison St.
Fort Wayne, IN 46802

7010 2780 0000 5574 6600

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

12 SEP 12 AM 11: 10

ROBERT N. TROGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

MELLISSA KING, by her next friend,
PATRICIA JACOB,

    Plaintiff,

vs.

Case No. **1 : 12 C V 31 2 PPS**

SECRETARY, Indiana Family and
Social Services Admininstration, in the
Secretary's official capacity; and the
INDIANA FAMILY AND SOCIAL
SERVICES ADMINISTRATION, an
agency of the State of Indiana,
    Defendants.

## COMPLAINT WITH JURY DEMAND

### NATURE OF THE CASE

1. This is a civil action to vindicate rights guaranteed by Title II of the Americans with Disabilities Act, as amended, 42 U.S.C. §12131 et seq., (ADA) with implementing rules; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 (Section 504) with implementing rules; and the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States. Plaintiff is an individual with disabilities who challenges actions, and failure to take actions, by defendants which threaten to deprive plaintiff of essential Medicaid and related services necessary to enable her to live in the integrated environment of her home. A consequence of defendants' actions, and failure to take actions, is that plaintiff may be forced to accept institutionalized treatment in a segregated setting. Plaintiff seeks relief in the form of damages, a declaratory judgment, and preliminary and permanent injunctions, together with an award of reasonable attorney fees.

1

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. §1331, this Court has subject matter over this action because the claims presented arise under federal statutory and constitutional provisions.

3. Venue of this action lies in the Fort Wayne Division of the United States District Court for the Northern District of Indiana because the claims arose principally in Noble County, Indiana.

## PARTIES

4. Plaintiff Mellissa King ("Ms. King"), an adult woman, residing in Albion, Noble County, Indiana, is an individual with a disability within the meaning of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131, et seq., and §504 of the Rehabilitation Act, 29 U.S.C. §794.

    a.    She was born in 1970 and, throughout her life, has had severe mental and physical limitations to major life activities as a result of a childhood illness. On January 16, 1996, her family physician described her as a "bed-ridden, mentally handicapped female with cerebral palsy secondary to encephalitis." She has a mental age of 0 to 1 month and a pediatrician told her mother, Patricia Jacob, that Ms. King would not live more than 2 years and she would be "like a vegetable". FSSA provided to Ms. King (when she was 18 years old) a case manager who just kept telling Ms. Jacob that the limit on home health was 8 hours a day. Ms. Jacob had additional duties as a wife and parent living on a farm.

    b.    Ms. Jacob feared the possibility that if she pushed too hard FSSA would put Ms. King in a facility that was segregated and inappropriate for Ms. Jacob. Ms. Jacob never used all the hours FSSA granted. Ms. Jacob's health is now declining. Ms. Jacob now has

fibromyalgia. FSSA has proposed to grant Ms. King less than half the developmental disabilities hours Ms. King had received 2 years ago.

 c. On January 30, 1998, the physician stated that she "requires complete care, including hospital bed, Hoyer lift, and a wheelchair, which is specially fitted to her, as well as continuous supervision day and night." He further stated that she was "incapable of taking care of any of her usual bodily functions, aside from eating and breathing." On February 15, 1998, he characterized her as "a lifelong total-care patient." He described her as having "severe cerebral palsy and mental retardation after an early childhood infection." Her disabilities "resulted in a need for constant care by her mother as well as additional care givers" [,] and "she requires multiple of hour[s] of intensive individual attention to allow adequate nutrition and support each day." *Verified Complaint and Verified Petition,* ¶¶'s 8-10, Superior Court of Noble County, Case No. 57D01-0008-CP-128.

 d. Ms. King's condition remains as described at the current time.

5. Because of her disabilities, Ms. King sues through her mother, Patricia Jacob, with whom Ms. King has lived from birth in their family home. Ms. King and Ms. Jacob live alone, and Ms. Jacob is, and has been, Ms. King's primary caregiver throughout Ms. King's life.

6. The defendant Secretary of the Indiana Family and Social Services Administration ("the Secretary") is an official of the state of Indiana responsible for administering Medicaid and related programs in Indiana. The Secretary maintains an office in Indianapolis, IN and supervises the programs and vendors who serve Ms. King. The Secretary is a "person" within the meaning of 42 U.S.C. §1983, and Ms. King sues the Secretary in the Secretary's official capacity for

declaratory and injunctive relief against the Secretary. The Secretary has acted, will act, or fail to act, under statute, ordinance, regulation, custom, or usage of the state of Indiana

7. The defendant Indiana Family and Social Services Administration ("FSSA") is an agency of the state of Indiana responsible for administering Medicaid and related programs in Indiana. FSSA maintains an office in Indianapolis, IN and administers the programs and supervises the vendors who serve Ms. King. FSSA is a recipient of federal financial assistance within the meaning of 29 U.S.C. §794 because it receives funds for Medicaid from the United States Dep't of Health and Human Services. FSSA is a public entity within the meaning of Title II of the ADA, 42 U.S.C. §12131, et seq., because it is a unit of state government. Ms. King sues FSSA for declaratory, injunctive and compensatory relief (damages) against FSSA.

## FACTS

8. Because of her disability, Ms. King qualifies as a Medicaid recipient and for related services. Medicaid is a program jointly funded by the federal and state governments and, in Indiana, is administered by FSSA and its Division of Family and Children. The federal Medicaid Act, and implementing regulations, permit states to provide nursing and home health care services to individuals for whom such care is less expensive than institutionalization. 42 U.S.C. § 1396n(c) (9) (A); 42 C.F.R § 440.70 (b) and § 441 15. In Indiana, FSSA has contracted with private vendors to provide services to Ms. King and other recipients in need of similar assistance.

9. The Secretary and FSSA must determine an appropriate number of units of care (i.e. hours of service) to which recipients, such as Ms. King, are entitled. Within the last twelve months the Secretary and FSSA, acting with various Medicaid vendors, have failed to determine and agree to fund an appropriate number of Medicaid units or hours for Ms. King. The number of proposed

units has varied, without an explanation of the basis for the number of hours proposed, and the varying proposals did not reflect an accurate assessment of Ms. King's specific needs.

10. The Secretary and FSSA have not issued administrative rules which set clear and appropriate standards to determine the services appropriate for Ms. King.

11. The Secretary and FSSA have not issued written policies, apart from administrative rules, which set clear and appropriate standards to determine the services appropriate for Ms. King.

12. On information and belief, the Secretary and FSSA have no policies in existence, including any which have been announced verbally, which set clear and appropriate standards to determine the services appropriate for Ms. King.

13. Because of the failure to establish clear and appropriate standards to determine the services appropriate for Ms. King set forth in ¶¶'s 11, 12, and 13 above, Ms. King has not received and is not receiving Medicaid and related services to which she is entitled. Specifically, she has not received and is not receiving an adequate number of units or hours of care.

14. Because of the failure to establish clear and appropriate standards to determine the services appropriate for Ms. King set forth in ¶¶'s 11, 12, and 13 above, Ms. King is threatened with the loss of units or hours which she is currently receiving. Specifically, the Secretary and FSSA, in conjunction with a vendor, have proposed a number of units or hours which will not provide the services necessary to enable Ms. King to remain in the integrated environment of her family home. The Secretary and FSSA, in conjunction with a vendor, have continually changed or shifted the proposed number of hours so that it is impossible for Ms. King's mother to determine what hours and services the Secretary, FSSA, and the vendor will provide.

15. Ms. King's mother, Patricia Jacob, has developed (after a lifetime of caring for her daughter) physical limitations which now make, and will make, the responsibility of caring for Ms. King more difficult. In order for Ms. King to remain in the integrated environment of the family home, Ms. Jacob needs the additional help of services for Ms. King from Medicaid and related programs. If the Secretary and FSSA do not provide those services, there is imminent risk that Ms. King will be placed in the segregated and inappropriate environment of an institution for care. That placement would be inappropriate because, given the severity of her disability; available institutionalized care could not meet her needs.

16. Ms. Jacob filed an administrative appeal of proposed actions by the Secretary and FSSA to establish the number of future units or hours. One response to that appeal is from a vendor which has suggested a number of units or hours not appropriate to Ms. King's needs. Neither the vendor, nor the Secretary and FSSA, can identify any written or verbal policy by which the number is set. In the absence of a written policy, Ms. Jacob believes that any administrative hearing on the appeal, conducted by the Secretary and FSSA, would be futile. She has so informed FSSA and declined the opportunity for a hearing.

17. The Secretary and FSSA have acted toward Ms. King with discriminatory intent as evidenced by (a) the deliberate failure to issue written standards, (b) by the deliberate failure to require the vendor to provide an appropriate number of units or hours, and (c) by the deliberate indifference manifested by the Secretary as alleged in this paragraph and ¶19 of the complaint. The Secretary has acted, failed to act, and will act or fail to act under statute, ordinance, regulation, custom, or usage of the state of Indiana The actions and failures to act by the Secretary reflect an official policy of the Secretary and the Indiana Family and Social Services Administration as evidenced by:

a. the Secretary's position as the policymaker for FSSA in implementing Medicaid and related programs and the Secretary's responsibility for setting policy and customs for providing services to Ms. King and recipients with similar disabilities;

b. the Secretary's authority to supervise, monitor, and pay vendors who provide services under Medicaid and related programs to Ms. King and recipients with similar disabilities;

c. the Secretary's duty to report to the United States Dep't of Health and Human Services on the use of federal funds under Medicaid and related programs and to account to that agency for the proper and legal use of those funds;

d. the injuries suffered, or threatened to occur, to Ms. King are not the result of a momentary oversight by the Secretary. They occurred, or may occur, in part, because the Secretary has

   1. failed to set written policies to guide the FSSA staff and vendors and to apprise Ms. King and other recipients of the standards by which units or hours of service are determined,

   2. failed to require vendors to provide appropriate services to Ms. King, despite prior state court litigation against FSSA and the Secretary's predecessors she brought more than a decade ago,

   3. and failed to train FSSA staff members and vendors necessary for them to provide appropriate services to Ms. King and other recipients.

18. These specified failures by the Secretary manifest deliberate indifference to the needs of Ms. King and other recipients and reflect an official policy of failing to implement Medicaid and related services to Ms. King and other recipients as required by federal law. These failures

constitute multiple shortfalls by the Secretary, in the Secretary's administration of Medicaid and related programs serving Ms. King and other recipients, which severely undermine administrations of those programs to Ms. King and other recipients.

19. There is an actual controversy between Plaintiffs and Defendants justifying a declaratory judgment under 28 U.S.C. § 2201 and Fed. R. Civ. Proc. 57.

## EQUITY AND INCORPORATION OF ALLEGATIONS

20. Ms. King incorporates ¶¶'s 1—19 by reference into the present paragraph and further incorporates ¶¶'s 1—20 by reference into each of the causes of actions and claims pleaded below. She is without an adequate remedy at law because she faces the threat of irreparable harm if the Secretary and FSSA fail to determine and agree to fund an appropriate number of Medicaid units or hours for her. The likely consequence of that harm is that she will be placed in the segregated and inappropriate environment of an institution for care. That placement would be inappropriate because, given the severity of her disability, available institutionalized care could not meet her needs. Indeed, Ms. Jacobs believes that Ms. King's life might be at risk. Ms. King is otherwise qualified to receive services under Medicaid and related programs and will remain so qualified.

## CAUSES OF ACTION

21. As a First Claim, the defendants Secretary and FSSA have violated Title II of the ADA, 42 U.S.C. §12131, et seq., together with implementing rules, in that their intentional actions and intentional failure to act have denied, and threaten to deny, Ms. King's right to Medicaid and related services provided in a manner consistent with Title II of the ADA. Her claim arises because:

8

 a. she is an otherwise qualified individual with a disability as evidenced by her mental and physical limitations to major life activities specified and by her current receipt of Medicaid and related services;

 b. she has been denied, and is threatened with further denial of, the benefits of services under Medicaid and related programs by the Secretary and FSSA, a public entity, and otherwise discriminated against by the Secretary and FSSA;

 c. by reason of her disability, as evidenced by the allegations in her complaint, with the consequence that the actions of the Secretary and FSSA have resulted, or threaten to result in:

  1. her unjustified segregation from the community life of her family home in which she is capable and worthy of participating;

  2. denial to her of the opportunity to participate in or benefit from appropriate Medicaid and related services, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

  3. denial to her of an opportunity to participate in or benefit from Medicaid and related services that is not equal to that afforded others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

  4. denial to her of an opportunity to participate in or benefit from Medicaid and related services that are not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others, specifically resulting from the lack of

written standards which may result in her placement in a segregated institutional environment;

5. providing to her different or separate aids, benefits, or services than the Secretary and FSSA provide to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

6. Aiding or perpetuating discrimination against her by providing significant assistance to an agency, organization, or person (specifically vendors) that discriminate on the basis of disability in providing any aid, benefit, or service to beneficiaries of FSSA's Medicaid and related services programs, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

7. otherwise limiting her in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in FSSA's Medicaid and related services programs, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

8. denial of her right to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

   9. utilization of criteria or methods of administration (i) that have the effect of subjecting her to discrimination on the basis of disability; (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of FSSA's Medicaid and related programs with respect to her and other individuals with disabilities; and (iii) that perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State (specifically public entities administering Medicaid related programs) that is not equal to that afforded others specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment.

22. As a Second Claim, the defendants Secretary and FSSA have violated §504 of the Rehabilitation Act, 29 U.S.C. § 794, together with implementing rules, in that their intentional actions and intentional failure to act have denied, and threaten to deny, Ms. King's right to Medicaid and related services provided in a manner consistent with §504. Her claim arises because:

  a. she is an otherwise qualified individual with a disability as evidenced by her mental and physical limitations to major life activities specified and by her current receipt of Medicaid and related services;

  b. she has been denied, and is threatened with further denial of, the benefits of services under Medicaid and related programs by the Secretary and FSSA, a recipient of federal financial assistance, and otherwise discriminated against by the Secretary and FSSA;

11

c.  by reason of her disability, as evidenced by the allegations in her complaint, with the consequence that the actions of the Secretary and FSSA have resulted, or threaten to result in, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment:

    1.  her unjustified segregation from the community life of her family home in which she is capable and worthy of participating, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

    2.  denial to her of the opportunity to participate in or benefit from appropriate Medicaid and related services, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

    3.  denial to her of an opportunity to participate in or benefit from Medicaid and related services that is not equal to that afforded others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

    4.  denial to her of an opportunity to participate in or benefit from Medicaid and related services that are not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

5. providing to her different or separate aids, benefits, or services than the Secretary and FSSA provide to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

6. Aiding or perpetuating discrimination against her by providing significant assistance to an agency, organization, or person (specifically vendors) that discriminate on the basis of disability in providing any aid, benefit, or service to beneficiaries of FSSA's Medicaid and related services programs, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

7. otherwise limiting her in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service in FSSA's Medicaid and related services programs, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

8. denial of her right to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment;

      9.    utilization of criteria or methods of administration (i) that have the effect of subjecting her to discrimination on the basis of disability; (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of FSSA's Medicaid and related programs with respect to her and other individuals with disabilities; and (iii) that perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State (specifically public entities administering Medicaid related programs) that is not equal to that afforded others, specifically resulting from the lack of written standards which may result in her placement in a segregated institutional environment.

23. As a Third Claim, the Secretary, a person acting with discriminatory intent under statute, ordinance, regulation, custom, or usage of the state of Indiana, has violated the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, embodied in 42 U.S.C. §1983, because the Secretary's conduct, including his failure to act, violated and will violate Ms. King's rights, privileges, or immunities secured by the Constitution or laws of the United States, as specified in the First and Second Claims above.

### RELIEF

24. Ms. King requests that this Court grant trial by jury on all issues so triable and:

    a.    Issue a declaratory judgment setting forth the respective rights, responsibilities and obligations of the parties.

b.  Issue, upon notice and hearing, preliminary and permanent injunctions preventing further violations of the statutes and constitutional provisions specified as Causes of Actions.

c.  Award to Ms. King compensatory damages for violations of the ADA and §504, in amounts determined by this Court to be adequate for the injuries sustained or threatened;

d.  Award to Ms. King reasonable attorney fees;

e.  Grant such other relief as may be necessary and appropriate.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct, under 28 U.S.C. §1746.

Executed on the 9th day of September, 2012.

*Patricia A. Jacob*
Patricia Jacob

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

*Kent Hull*

Kent Hull, Attorney No.: 8580-71
401 E. Colfax Avenue, Suite 116
South Bend, IN 46617
(574) 234-8121

15