UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MELLISSA KING, *by next friend* PATRICIA JACOB, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:12-CV-312 ) |
| SECRETARY, *Indiana Family and Social Services Administration, in the Secretary's official capacity*, and the INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, *an agency of the State of Indiana*, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Designated Affirmative Defenses as Insufficient under Fed. R. Civ. P. 12(f). (Docket # 20.) Defendants responded in opposition to the motion (Docket # 25), and Plaintiff's reply followed (Docket # 26). As such, the motion is now ripe for ruling. For the following reasons, the motion will be GRANTED IN PART and DENIED IN PART.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On September 12, 2012, Plaintiff Mellissa King, through her next friend and mother Patricia Jacob, brought this action against Defendants, the Secretary of the Indiana Family and Social Services Administration (the "Secretary") in his official capacity and the Indiana Family and Social Services Administration ("FSSA"), an agency of the State of Indiana. (Compl. ¶¶ 6-

1

7.) King, an adult woman, is disabled and lives with her mother, who is her primary caregiver. (Compl. ¶¶ 4-5.) She alleges that Defendants' actions or omissions have deprived, and threaten to further deprive, her of essential Medicaid and related services necessary to enable her to live in the integrated environment of her home and may force her to accept institutionalized treatment in a segregated setting. (Compl. ¶ 1.) As such, King advances claims under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*, against the Secretary and the FSSA; under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, against the Secretary and the FSSA; and under 42 U.S.C. § 1983 against the Secretary for violating the Fourteenth Amendment. (Compl. ¶¶ 21-23.)

Defendants filed an Answer (Docket # 24), asserting five affirmative defenses (Answer 17). King now seeks to strike four of those defenses—that she allegedly (1) failed to exhaust her administrative remedies, (2) has no private right of action to bring her claims, (3) has no claims because of Eleventh Amendment immunity, and (4) has sued Defendants not subject to suit under § 1983—as insufficient under Federal Rule of Civil Procedure 12(f). (Docket # 20.) Defendants argue, however, that all of these defenses are properly pled in their Answer. (*See* Defs.' Mem. in Opp. to Mot. to Strike ("Defs.' Mem. in Opp.") 5-6.)

### III. STANDARD

An affirmative defense asserts that even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability. *Green v. Kubota Tractor Corp.*, No. 09 CV 7290, 2012 WL 1416465, at *1 (N.D. Ill. Apr. 24, 2012) (citing *Tucker Law Firm LLC v. Alise*, No. 11-CV-1089, 2012 WL 252790, at *7 (N.D. Ill. Jan. 25, 2012)). An affirmative defense is a pleading subject to Federal Rule of Civil Procedure 8(a), and therefore

must include a short and plain statement of the defense. *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *1 (N.D. Ind. Jan. 30, 2012) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). In *Heller*, several defenses were deemed meritless because they were "nothing but bare bones conclusory allegations," with the defendant failing, as Rule 8 requires, to provide a "short and plain statement of facts" or to allege "the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295.

Nevertheless, a motion to strike an affirmative defense is generally disfavored because they can cause delay. *Id.* at 1294. But, as *Heller* observed, they can be useful to remove clutter, such as an affirmative defense that merely raises matters already at issue. *Id.* Ultimately, however, affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Cottle*, 2012 WL 266968, at *1 (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."))).

## IV. DISCUSSION

For clarity, the argument over each alleged affirmative defense is addressed in turn.

### A. Failure to Exhaust Administrative Remedies

King wants the contention that she failed to exhaust her administrative remedies stricken because exhaustion is not required under Title II of the ADA, § 504 of the Rehabilitation Act, or § 1983 and, besides, the allegation is devoid of any facts. (Br. in Supp. of Pl.'s Mot. to Strike Defs.' Affirmative Defenses as Insufficient under Fed. R. Civ. P. 12(f) ("Br. in Supp.") 2-4.) Because exhaustion in this instance is clearly not required, the assertion that the defense is too conclusory need not be addressed.

3

Generally, the Rehabilitation Act "does not require the exhaustion of administrative remedies for non-federal employees." *Maxwell v. South Bend Work Release Ctr.*, No. 3:09-CV-008-PPS, 2011 WL 4688825, at *6 n.3 (N.D. Ind. Oct. 3, 2011); *accord Peterson v. Univ. of Wis. Bd. of Regents*, 818 F. Supp. 1276, 1278-79 (W.D. Wis. 1993) ("There is no dispute that the Rehabilitation Act of 1973 does not require non-federal employees to exhaust administrative remedies prior to bringing a private right of action in federal court."). Moreover, the Seventh Circuit Court of Appeals has stated that "the Rehabilitation Act . . . does not require exhaustion of administrative remedies," *Adashunas v. Negley*, 626 F.2d 600, 603 (7th Cir. 1980), and has not required exhaustion for suits brought solely under § 504 of the Rehabilitation Act.[1] *Barry W.*, 1995 WL 616960, at *3 (citing *Timms v. Metro. Sch. Dist. of Wabash Cnty.*, 722 F.2d 1310, 1318 n. 5 (7th Cir. 1983)); *see also Blazquez v. Bd. of Educ. of Chicago*, No. 05-CV-4389, 2007 WL 2410369, at *7 (N.D. Ill. Aug. 20, 2007) ("[B]ecause Plaintiff has brought her claim under the federally-funded program requirements of section 504, she need not have exhausted her administrative remedies."); *Hewitt v. U.S. Office of Pers. Mgmt.*, 390 F. Supp. 2d 685, 690 (N.D. Ill. 2005) ("Cases . . . based on § 504 (as opposed to § 501) of the Rehabilitation Act may proceed directly to court, free of any requirement to exhaust administrative review.").

Here, King is not a federal employee, and she brings her claim under the federally-funded program requirements of § 504. (*See* Compl. ¶ 7 ("FSSA is a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794 because it receives funds for Medicaid from the United States Dep't of Health and Human Services.").) As such, King was not required to

---

[1] When a § 504 claim is coupled with a claim under a different statute that offers adequate administrative remedies, like the Individuals with Disabilities Education Act, exhaustion is required for the other claim. *Barry W. v. Ill. Valley Cmty. Hosp.*, No. 95 C 562, 1995 WL 616960, at *3 n.1 (N.D. Ill. Sept. 26, 1995) (citations omitted). That is not the case here.

exhaust administrative remedies before bringing a claim under § 504 in federal court. *See, e.g.*, *Maxwell*, 2011 WL 4688825, at *6 n.3*; Blazquez*, 2007 WL 2410369, at *7.

For claims brought under Title II of the ADA, and while the Seventh Circuit has not squarely addressed the issue, *see Staats v. Cnty. of Sawyer*, 220 F.3d 511, 518 (7th Cir. 2000), "lower courts have consistently found that Title II of the ADA does not require the exhaustion of administrative remedies." *Maxwell*, 2011 WL 4688825, at *6 n.3; *see, e.g.*, *Patterson v. Ill. Dep't of Corr.*, 35 F. Supp. 2d 1103, 1106 (C.D. Ill. 1999); *Dertz v. City of Chicago*, 912 F. Supp. 319, 324 (N.D. Ill. 1995); *Doe v. Cnty. of Milwaukee*, 871 F. Supp. 1072, 1075-76 (E.D. Wis. 1995); *Noland v. Wheatley*, 835 F. Supp. 476, 482 (N.D. Ind. 1993) (collecting cases). Since King explicitly brings her claim under Title II of the ADA (Compl. ¶ 21), she was not required to exhaust her administrative remedies before pursuing this claim in federal court. *See, e.g.*, *Maxwell*, 2011 WL 4688825, at *6 n.3.

And lastly, it is well settled that exhaustion of administrative remedies is generally not a prerequisite to bringing an action under § 1983 in federal court. *E.g.*, *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 930 n.2 (7th Cir. 2005) ("Generally, § 1983 plaintiffs are not required to exhaust state remedies before filing in federal court."); *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir. 1997) ("[T]here is no general exhaustion requirement for § 1983 plaintiffs."). Therefore, like King's claims under § 504 of the Rehabilitation Act and Title II of the ADA, King was not required to exhaust her administrative remedies before filing her § 1983 claim in federal court. *See, e.g.*, *Patsy*, 457 U.S. at 516.

Accordingly, none of the statutes under which King brings her claims generally require exhaustion of administrative remedies prior to filing suit, and Defendants offer no exceptions. As such, Defendants' affirmative defense that King failed to exhaust her administrative remedies is insufficient as a matter of law and will be stricken. *See Kimbrew v. Advocate Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *2 (N.D. Ill. Dec. 8, 2010) (striking affirmative defense that plaintiff had not exhausted his administrative remedies when none of the statutes under which he brought his claims required him to do so); *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *7 (N.D. Cal. Mar. 22, 2007) (finding affirmative defense that plaintiff did not exhaust administrative remedies before bringing a § 1983 claim insufficient as a matter of law and striking it); *Bollack v. City of Mitchell*, 935 F. Supp. 1042, 1046 (D.S.D. 1996) (finding a failure to exhaust defense insufficient as a matter of law when exhaustion was not required). Thus, King's motion to strike this affirmative defense is GRANTED.

### *B. No Private Right of Action*

Next, King sees as insufficient Defendants' affirmative defense that she has no private right of action under the statutes and seeks to strike it. (Br. in Supp. 4.)

Indeed, the statutes that King cites all contain a private right of action. The United States Supreme Court has stated that both § 202 of the ADA, prohibiting discrimination against the disabled by public entities, and § 504 of the Rehabilitation Act, prohibiting discrimination against the disabled by recipients of federal funding, "are enforceable through private causes of action." *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002); *see also Adashunas*, 626 F.2d at 603 (stating that the Rehabilitation Act does create a private right of action); *Barry W.*, 1995 WL 616960, at *3 (noting that "[i]t is well established that 'the Rehabilitation Act implicitly creates a

private right of action against the recipients of federal funds'" (quoting *Salvador v. Bennett*, 800 F.2d 97, 99 (7th Cir. 1986))); *Noland*, 835 F. Supp. at 484 (stating that under Title II of the ADA, "complainants have a private right of action and may elect to proceed with a civil suit at any time" (citations omitted)). And, in her § 1983 claim, King alleges that the Secretary violated her rights under the Fourteenth Amendment. (Compl. ¶ 23.) "Pursuant to 42 U.S.C. § 1983, individuals have a private right of action for violations of the Fourteenth Amendment." *Rice v. City of Kendallville*, No. 1:07-CV-180-TS, 2009 WL 857463, at *6 (N.D. Ind. Mar. 31, 2009).

Therefore, since King clearly does have a private right of action, this affirmative defense is wholly insufficient as a matter of law. Consequently, the motion to strike it is GRANTED.

## C. Eleventh Amendment Immunity

In their third affirmative defense, Defendants allege that they are entitled to sovereign immunity under the Eleventh Amendment. King argues that this defense is insufficient and moves to strike it. (Br. in Supp. 10-11.) Defendants contend, however, that they may have immunity on at least part of King's claims, if not all. (Def.'s Mem. in Opp. 5-6.)

The Eleventh Amendment, if properly raised, bars actions in federal court against a state, state agencies, or state officials acting in their official capacities. *Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). There are three principal exceptions to this bar: "(1) where Congress, acting under its constitutional authority conveyed by amendments passed after the Eleventh Amendment . . . abrogates a state's immunity from suit; (2) where the state itself consents to being sued in federal court; and (3) under the doctrine articulated by the Supreme Court in *Ex parte Young* . . . ." *Council 31 of the Am. Fed'n of State, Cnty., & Mun. Emps., AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012)

(citations omitted). Under *Ex parte Young*, a plaintiff can sue individual state officials for prospective relief to enjoin ongoing violations of federal law. *Id.*; *Ind. Prot. & Advocacy Servs.*, 603 F.3d at 371.

Here, King brings suit against both the FSSA and the Secretary of the FSSA in his official capacity. The FSSA, as an agency of the State of Indiana, is treated the same as the state, and, for purposes of the Eleventh Amendment, *is* the state. *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991) (citations omitted). As such, the FSSA is immune from private damage actions and suits for injunctive relief in a federal court unless the State of Indiana has waived the Eleventh Amendment's protections or Congress unequivocally abrogated the state's immunity under the Amendment. *Taylor v. Ill. Dep't of Corrs.*, No. 11 C 7433, 2012 WL 669061, at *2 (N.D. Ill. Feb. 29, 2012) (citations omitted).

First, however, there is no Eleventh Amendment bar against King pursuing her claims under the Rehabilitation Act because, under § 504 of the Act, the FSSA waived its immunity when it accepted federal financial assistance. *Maxwell*, 2011 WL 4688825, at *4 (citing 29 U.S.C. § 794(a)). Moreover, as the Supreme Court recently noted, 42 U.S.C. § 2000d-7 "expressly waives state sovereign immunity for violations of 'section 504 of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.'" *Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011) (quoting 42 U.S.C. 2000d-7(a)(1)). As such, the FSSA, which does not deny that it receives federal funds (*see* Answer 5), cannot assert Eleventh Amendment immunity as a defense to King's claims under § 504 of the Rehabilitation Act. *See Maxwell*, 2011 WL 4688825, at *5. The same holds true for King's § 504 claims against the Secretary in his official capacity, which

are equivalent to a suit against the FSSA itself. *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

Although it is clear that Eleventh Amendment immunity is not a defense to King's claims under § 504 of the Rehabilitation Act, whether Defendants can assert immunity as a defense to King's claims under Title II of the ADA is not so easily answered because "it is an open question whether state officers are immune to suits under [the ADA]." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citing *United States v. Georgia*, 546 U.S. 151, 158-59 (2006)).

In *Georgia*, while holding that Title II of the ADA abrogates state sovereign immunity at least for those claims that independently violate the Constitution, "the [Supreme] Court left open the question whether the ADA could validly abrogate sovereign immunity for *non-constitutional* violations." *Morris v. Kingston*, 368 F. App'x 686, 689 (7th Cir. 2010) (unpublished) (emphasis in original) (citing *Georgia*, 546 U.S. at 159). Rather, "[i]n reserving this question, the Court instructed lower courts to determine in the first instance, claim by claim, whether Congress's purported abrogation of sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution." *Id.* (citing *Georgia*, 546 U.S. at 159).

*Georgia* further "counseled against jumping to the Eleventh Amendment immunity analysis if the case can be decided on the grounds that Title II was not violated in the first place." *Maxwell*, 2011 WL 4688825, at *4. Therefore, operating under these directives, the Court cannot, on a motion to strike affirmative defenses, determine whether Eleventh Amendment immunity is an insufficient defense to King's claims under Title II of the ADA.

Because, in this unsettled area of law, Defendants properly assert Eleventh Amendment immunity as a potential affirmative defense to King's claims under Title II of the ADA, this

9

affirmative defense will not be stricken. *See Cottle*, 2012 WL 266968, at *1 (stating that affirmative defenses are stricken "only when they are insufficient on the face of the pleadings"). Accordingly, King's motion to strike it is DENIED.

### D. Subject to Suit under § 1983

Finally, King attempts to strike Defendants' affirmative defense that they are not subject to suit under § 1983 as an insufficient defense to her claims against the Secretary. (Br. in Supp. 11-12.) Defendants contend that "to the extent plaintiff pleads a § 1983 claim against both defendants, the State and State officials named in their official capacities are not 'persons' for purposes of § 1983." (Defs.' Mem. in Opp. 5-6.) But King does *not* assert a claim under § 1983 against the FSSA itself, but rather only the Secretary. (*See* Compl. ¶ 23 (alleging, in her claim brought under § 1983, that only the Secretary violated the Fourteenth Amendment).)

Moreover, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Graham*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Here, King brings her claim under § 1983 against the Secretary of the FSSA, a state official, in his official capacity, presumably for prospective relief only. (*See* Compl. ¶ 24(c) (limiting King's request for damages to compensatory damages for violations of the ADA and § 504).) As such, the Secretary is considered a "person" under § 1983 to the extent that King seeks prospective relief against him. *See Will*, 491 U.S. at 71 n.10.

Consequently, since King properly brings her § 1983 claim against *only* the Secretary in his official capacity for prospective relief, King's motion to strike Defendants' affirmative defense that they are not subject to suit under § 1983 is GRANTED.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Defendants' Designated Affirmative Defenses as Insufficient under Fed. R. Civ. P. 12(f) (Docket # 20) is GRANTED IN PART and DENIED IN PART.  Defendants' first, second, and fourth affirmative defenses—that King did not exhaust her administrative remedies, does not have private right of action under the statutes cited, and cannot sue Defendants under § 1983—are hereby STRICKEN, while their third affirmative defense—that they are entitled to sovereign immunity under the Eleventh Amendment—is permitted to stand.[2]

SO ORDERED.

Entered this 15th day of February, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[2] Defendants do ask the Court to grant them leave to file an amended answer in the event that any of the affirmative defenses are stricken.  (Defs.' Mem. in Opp. 6.)  They provide no clue, however, about how they would recast the affirmative defenses so they are sufficient.  Consequently, the alternative relief is DENIED.